

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN G. DEMEDEIROS, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:17-CV-204-G (BF) |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of the Social Security | § | |
| Administration, | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to United States Magistrate Judge Paul D. Stickney. Before the Court is Motion to Dismiss Plaintiff's Complaint [ECF No. 7] ("Motion to Dismiss") filed by Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration (the "Commissioner"). No response has been filed and the time to do so has passed. Upon consideration, the undersigned recommends that the District Court **GRANT** the Motion to Dismiss [ECF No. 7].

### BACKGROUND

On January 23, 2017, Plaintiff Julian G. deMedeiros ("Plaintiff") filed this lawsuit alleging that the Commissioner wrongfully suspended his benefits on the ground that he was not lawfully present in the United State, even though he is a permanent resident of the United States. Compl. 5-6, ECF No. 3. Plaintiff attaches to his Complaint a copy of his green card. Ex. 1, ECF No. 3 at 11. Plaintiff states that he "has been diagnosed with the terminal disease of multiple myeloma metastasized cancer of the blood and bones all throughout his body; in the past two years[.]" Compl. 2, ECF No. 3. Plaintiff also states that he "has undergone heavy chemotherapy treatment followed by a stem cell transplant and major back surgery, and also [was] hospitalized for a pulmonary embolism and Sepsis[.]" Compl. 2, ECF No. 3. Plaintiff further states that he "is in need of

continuing daily chemotherapy treatment (Revlimid), monthly infusions of Zometa (zoledronic acid), and other special medications for the rest of his life[.]" Compl. 2, ECF No. 3. Therefore, Plaintiff states that "[a]ny interruption of such much needed continuing chemotherapy treatment, infusions, blood testing and monitoring, and deprivation of other critical medications even for short periods of time, will cause [his] condition to rapidly deteriorate and cause [his] early death, necessitating the Court's immediate intervention." Compl. 2, ECF No. 3.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution." *Brown v. Peterson*, No. 7:03-CV-205-R, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). "A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists." *Id.* (citing *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998)). "When the court dismisses because the plaintiff lacks subject matter jurisdiction, that dismissal 'is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Hamlett v. Ashcroft*, No. 3:03-CV-2202-M (BH), 2004 WL 813184, at *2 (N.D. Tex. Apr. 14, 2004) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the courts resolution of disputed facts." *Peterson*, 2006 WL 349805, at *4 (citing *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001)). "There are two types of challenges to a court's subject matter jurisdiction under Rule 12(b)(1): 'facial' attacks and 'factual' attacks." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Brooks v. Snow*, 313 F. Supp. 2d 654, 658 (S.D. Tex. 2004)). "A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges jurisdiction based solely on the pleadings." *Id.* (citing *Weinberger*, 644 F.2d at 523). "When ruling on a facial attack, the court must presume that factual allegations in the complaint are true and determine whether they establish subject matter jurisdiction." *Id.* "By contrast, a Rule 12(b)(1) motion presents a factual attack when the motion is accompanied by supporting evidence that contradicts the jurisdictional allegations in the complaint." *Id.* "In a factual attack, the plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction." *Id.*

## DISCUSSION

In the Motion to Dismiss, the Commissioner asks the Court to dismiss this case because Plaintiff has not received a final decision from the Commissioner as necessary to obtain judicial review by a district court under Title 42, United States Code, Section 405(g) ("Section 405(g)"). Mot. 1, ECF No. 7. The Commissioner submits the declaration of Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Decl., ECF No. 7-1 at 2-4. Ms. Prelle

states that Plaintiff's May 6, 2016 request for review of the Administrative Law Judge's March 2, 2016 unfavorable decision is pending with the Appeals Council. Decl., ECF No. 7-1 at 4. Therefore, the Commissioner asks that the Court dismiss Plaintiff's case because Plaintiff failed to exhaust his administrative remedies. Mot. 1, ECF No. 7.

Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action . . . in the district court of the United States[.]" 42 U.S.C. § 405(g). Furthermore, Section 405(h) states that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). The Social Security Act "does not define 'final decision,'" but leaves "it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Id.* However, if "the Council denies the request for review, the ALJ's opinion becomes the final decision." *Id.* (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a)). If the "claimant fails to request review from the Council, there is no final decision and as a result, no judicial review in most cases." *Id.* (citing 20 C.F.R. § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Id.* (citing *Salfi*, 422 U.S. at 765-66).

Exhaustion may not be required where a plaintiff seeks relief in federal court for a colorable

4

constitutional claim. *Walker v. Astrue*, No. 7:11-CV-22-O (BH), 2011 WL 3348059, at *3 n.1 (N.D. Tex. Jul. 13, 2011) (citing *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Robertson v. Bowen*, 803 F.3d 808, 810 (5th Cir. 1986)). "[R]ecognizing the potential frustration of the congressional purpose of § 405(g) that could result from claimants being allowed virtually unending access to judicial review . . . the Fifth Circuit Court of Appeals concluded that judicial review . . . is only allowed when a plaintiff can prove a 'colorable constitutional claim.'" *Valdez v. Astrue*, No. 3:11-CV-883-K (BK), 2011 WL 5525751, at *2 (N.D. Tex. Oct. 17, 2011) (citing *Robertson*, 803 F.2d at 810). "Proof that a colorable constitutional claim exists must be based on more than mere conclusional allegations of due process violations." *Id.* "To that end, Plaintiff must do more than simply allege that her due process rights were violated." *Id.* (citing *Robertson*, 803 F.2d at 810; *Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986)).

Nevertheless, if Plaintiff's constitutional claim arises under the Social Security Act, Plaintiff is still required to comply with the requirements in Section 405(h). *See Edwards v. Burwell*, No. 3:14-CV-3124-B, 2015 WL 4131616, at *4 (N.D. Tex. Jul. 8, 2015), *aff'd*, 657 F. App'x 242 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 639 (2017) ("Although Plaintiff argues that this action is focused on his constitutional claim . . . which he states has no connection to the policy or procedure guiding the review of [the] claims, the Supreme Court has established that the constitutional nature of a claim does not exempt a plaintiff from the requirements set forth in 42 U.S.C. § 405(h)." (citing *Salfi*, 422 U.S. at 760-61; *Physican Hosps. of Am. v. Sebelius*, 691 F.3d 649, 656 (5th Cir. 2012)); *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) ("Thus, to be true to the language of the statute, the inquiry in determining whether 405(h) bars federal-question jurisdiction must be whether the claim 'arises under' the Act."). The United States Supreme Court "established that a claim arises under the [] Act

if the Act 'provides both the standing and the substantive basis' for the asserted action." *Burwell*, 2015 WL 4131616, at *4 (citing *Salfi*, 422 U.S. at 760-61). "A claim also arises under the Act if it is 'inextricably intertwined' with a claim for [] benefits and would require the court to review the [] claim determinations in resolving the matter." *Id.* (citing *Marsaw v. Thompson*, 133 F. App'x 946, 948 (5th Cir. 2005)). The Social Security Act "provides the 'substantive basis' for Plaintiff's allegations," where "exercising jurisdiction over this lawsuit would require the Court to revisit Plaintiff's [] claims and make determinations regarding the appropriateness of the original denial of such claims." *Id.* (citing *Weinberger*, 422 U.S. at 761; *Marsaw*, 133 F. App'x at 948).

Similar to the facts in *Edwards*, the exercise of jurisdiction in this case requires the Court to determine whether the underlying denial by the Commissioner was appropriate. *See id.* Therefore, this case arises under the Social Security Act, and Plaintiff is required to obtain a "final decision" from the Commissioner prior to seeking relief in this Court. *See id.* Ms. Prelle's declaration, indicates that Plaintiff's case is still pending with the Appeals Council. Decl., ECF No. 7-1 at 4. Therefore, the Court lacks jurisdiction over this case. *Burwell*, 2015 WL 4131616, at *4-5 ("Plaintiff's allegations-although presented in constitutional terms-are based on his complaint that his [] claims were improperly rejected when initially submitted. Therefore, the Court concludes that Plaintiff's allegations are not collateral to the original request . . . but rather arises under the [] Act and are subject to the requirements of Sections 405(g) and 405(h). . . . For the reasons stated above, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims[.]"); *Sebelius*, 691 F.3d at 659 ("It certainly appears that the plaintiffs will suffer a 'delay-related hardship' by following this path. . . . The ever-evolving landscape of health care in the United States may one day prompt a new structure for judicial review in a case such as this. 'If the balance is to be struck anew, the

decision must come from Congress' and not from the courts. . . Section 405(h) makes clear that 'No action . . . shall be brought under section 1331.' The district court lacked subject matter jurisdiction over this case." (citing *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000); *Fanning v. United States*, 346 F.3d 386, 401 n.17 (3d Cir. 2003); *Ringer*, 466 U.S. at 627)).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court GRANT the Commissioner's Motion to Dismiss [ECF No. 7] and dismiss this case without prejudice.

**SO RECOMMENDED**, this ___ day of _____ 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).