IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN G. DE MEDEIROS, | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-00204-G-BT |
| | § | |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of the Social Security | § | |
| Administration, | § | |
|      Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Julian deMedeiros, proceeding *pro se*, has filed a Motion to Vacate Findings, Conclusions and Recommendation ("FCR") of the United States Magistrate Judge entered January 8, 2018, which is construed as a motion to reconsider the FCR.[1] For the reasons stated, the Motion (ECF No. 23) should be DENIED.

## Background

Plaintiff filed this civil action on January 23, 2017, seeking to mandamus the Commissioner of the Social Security Administration (the "Commissioner") to reinstate his retirement insurance and Medicare

---

[1] Under the authority of 28 U.S.C. § 636(b), the District Court referred only that part of Plaintiff's Motion seeking to vacate the FCR. *See* Ord. (ECF No. 26). The District Court will consider in the first instance that part of Plaintiff's motion seeking to vacate the Court's order accepting the FCR and the judgment entered in this case.

benefits. The Commissioner responded by filing a motion to dismiss, arguing Plaintiff had not received a final decision from the Commissioner, which decision is a jurisdictional prerequisite to judicial review by a district court under 42 U.S.C. § 405(g). The Commissioner supported her motion with evidence, in the form of a declaration by Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, which stated that Plaintiff's request for review of the administrative law judge's unfavorable decision was pending with the Appeals Council. Prelle Decl. [ECF No. 7-1]. Plaintiff failed to file a response to the motion, and on June 9, 2017, the magistrate judge recommended to the District Court that the Commissioner's motion be granted. *See* FCR dated 6/9/17 [ECF No. 8]. Plaintiff moved for and was granted an extension of time to file a response, and the magistrate judge vacated the June 9, 2017 recommendation. *See* Electronic Orders [ECF Nos. 11, 12]. Despite the extension, Plaintiff never filed a response to the motion. Accordingly, on January 8, 2018, the magistrate judge again recommended that the District Court grant the Commissioner's motion and dismiss Plaintiff's lawsuit for lack of jurisdiction due to Plaintiff's failure to obtain a final decision from the Commissioner. *See* FCR dated 1/8/18 [ECF No. 19]. Plaintiff did not file

any objection to the January 8, 2018 FCR, and the district court entered an order accepting the FCR and a judgment dismissing the case with prejudice, on January 31, 2018. Thirty days later, on March 2, 2018, Plaintiff filed his Motion to Vacate. The Commissioner filed a response, as directed by the Court. On May 14, 2018, Plaintiff moved to hold the proceeding in abeyance for 60 days due to Plaintiff's serious medical condition. *See* Pl.'s Abeyance Mot. [ECF No. 28]. The Court granted Plaintiff's request the next day and stayed filings in this case until July 16, 2018. *See* Order [ECF No. 29]. Although the stay automatically expired on July 16, 2018, Plaintiff has not filed a reply to the Commissioner's response. Accordingly, the Court considers the Motion on the record as it stands.

## Legal Standards and Analysis

While Plaintiff does not specify the legal framework under which he seeks reconsideration, a motion seeking such relief generally is evaluated either as a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Federal Rule of Civil Procedure 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). The rule under which the motion is considered is based on when

3

the motion was filed. *See id.* If the motion was filed within 28 days after the entry of the judgment, the motion is treated as filed under Rule 59, and, if it was filed outside of that period, it is analyzed under Rule 60. *See id.; see also* Fed. R. Civ. P. 59(b), 60(c). Here, Plaintiff filed his Motion 30 days after the District Court entered its judgment. Therefore, Rule 60(b) governs.

A court may grant relief under Rule 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)−(6). Rules 60(b)(1) through (5) do not apply in this case. Rule 60(b)(6) is a catch-all provision that affords relief only in "extraordinary circumstances." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

Plaintiff appears to argue that he is entitled to relief because the magistrate judge misunderstood the nature of his complaint. Some courts

have stated that relief under Rule 60(b)(6) is appropriate where the Court has "patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Leone v. United States*, 233 F. Supp. 3d 1366, 1371 (S.D. Fla. 2017) (citing cases). The Court thus considers whether Plaintiff is entitled to relief under Rule 60(b)(6).

Plaintiff denies that his claims arise under 42 U.S.C. § 405(g) and insists that his original action was a mandamus petition, over which the Court would have jurisdiction. However, the only avenue for challenging the denial of claimed Social Security benefits is under Section 405(g), which provides, in pertinent part, "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action . . . in the district court of the United States[.]" 42 U.S.C. § 405(g). Section 405(h) states that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). On its face, this provision bars judicial review of any denial of a claim of disability benefits until after a "final decision" by the

Commissioner. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). At the time Plaintiff filed this action, he had not received a final decision on the denial of his claim. Therefore, the Court lacked jurisdiction to consider Plaintiff's lawsuit.

To the extent Plaintiff contends his claims are constitutional in nature, the FCR explained why he is still required to comply with the requirements of Section 405(h). *See* FCR 5-7 [ECF No. 19]. The exercise of jurisdiction in this case would require the Court to determine whether the underlying denial by the Commissioner was appropriate. *See Edwards v. Burwell*, 2015 WL 4131616, at *4 (N.D. Tex. Jul. 8, 2015), *aff'd*, 657 F. App'x 242 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 639 (2017). Therefore, Plaintiff's lawsuit arises under the Social Security Act, and he is required to obtain a "final decision" from the Commissioner prior to seeking relief in this Court.

Plaintiff has not shown that he is entitled to relief under Rule 60(b). Accordingly, his request for reconsideration should be denied.

## Recommendation

Plaintiff's Motion to Vacate Findings, Conclusions and Recommendation of the United States Magistrate Judge entered January 8, 2018 should be DENIED.

SO ORDERED.

September 20, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).